MARK J. BOURASSA, ESQ.
Arizona Bar No. 023111
MELINA D. FAVORS, ESQ.
Arizona Bar No. 033485
**THE BOURASSA LAW GROUP, LLC**
16165 N. 83RD Avenue Suite 200
Peoria, Arizona 85339
Telephone: (480) 867-7177
Facsimile: (480) 867-7155
Email: mbourassa@blgwins.com
mfavors@blgwins.com
*Attorneys for Plaintiff Sandra Hart*

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Sandra Hart, a married woman.<br><br>Plaintiff,<br><br>vs.<br><br>Kathie Sprague Kennedy; Interstate 40 Grand Canyon RV Park, an Arizona Limited Liability Company,<br><br>Defendant. | Case No.:<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

COMES NOW, Plaintiff Sandra Hart, by and through her attorneys of record, The Bourassa Law Group, LLC, and hereby submit her Complaint against Defendants, and each of them, and alleges as follows:

///

///

///

## I.
## NATRUE OF THE ACTION

1. This is an action brought by Plaintiff for damages incurred as a result of burns caused by an improperly operating shower at the Interstate 40 Grand Canyon RV Park owned and/or operated by Defendants Kathie Sprague Kennedy and/or Interstate 40 Grand Canyon RV Park, LLC.

2. This is an action under Title III of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12101, *et seq*., and the Arizonans with Disabilities Act, A.R.S. § 41-1492, *et seq*., ("AzDA"), to correct a discriminatory public accommodation practice, to prove appropriate relief to aggrieved persons and to vindicate the public interest. Plaintiff brings this matter to redress Defendants' failure to provide facilities that are fully accessible to, and usable by, handicapped (wheelchair bound) individuals, precluding the Plaintiff's full and equal enjoyment of the showers at Defendants' RV Park in violation of the AzDA, A.R.S. § 41-1492.02(A), (B) and (G)(3).

## II.
## PARTIES, JURISDICTION AND VENUE

3. At all times relevant hereto to this action, Plaintiff, Sandra Hart ("Plaintiff"), a married woman, was a resident of Jasper County, Missouri.

4. At all times relevant to this action, Defendants, Kathie Sprague Kennedy ("Kennedy") owned and operated a business within the State of Arizona, County of Yavapai.

5. At all times relevant to this action Defendant, Interstate 40 Grand Canyon RV Park, LLC ("RV Park"), was an Arizona Limited Liability Company, authorized to do and doing business within the State of Arizona, County of Yavapai.

6. Jurisdiction of this matter arises under § 28 U.S.C. 1331 with federal question, in that this case arises §§ 42 U.S.C. 12101 *et. seq*. This Court also has diversity jurisdiction under 28 U.S.C. 1332(a) because Defendants are a limited liability company doing business in the State of Arizona, the acts complained of herein occurred in the State of Arizona, Plaintiff is a

Missouri resident and the amount in controversy herein exceeds $75,000. Jurisdiction over state law claim also arises under the Court's supplemental jurisdiction, 28 U.S.C. 1367(a).

## III.
## CONDITION PRECEDENT

7. Prior to the institution of this lawsuit, Plaintiff and Plaintiff's attorneys, provided written notice via certified mail to Defendants pursuant to A.R.S. § 41-1492.08(E), on March 27, 2018, alleging violations of Title III and AzDa, based upon an injury that occurred on June 15, 2017, in part due to lack accommodations of the Defendant's shower facilities.

8. Defendants failed to respond to Plaintiff within the 30-day timeframe allotted by the Statute.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## IV.
## FACTUAL BACKGROUND

10. On June 15, 2017, and prior and subsequent thereto, Defendant RV Park is owned by Defendant Kennedy, and possessed, owned, controlled, maintained and managed the premises located at 783 West Old Route 66, Ashford, Arizona, in Yavapai, County. Defendant RV Park is a private business open to the public within the meaning of Title III and the AzDa.

11. That on the aforesaid date, at approximately 10:00 a.m., Plaintiff was a business invitee and tenant lawfully on the premises of Defendants located at 783 West Old Route 66, Ashford, Arizona, in Yavapai, County. Prior to Plaintiff's visit to Defendants' establishment, Plaintiff's husband, Wendell Hart, made arrangements with Defendants to block off the women's shower so Mr. Hart could assist Plaintiff, who uses a wheelchair, to shower at the community shower building located on the premises of Defendants, under their dominion and control. There are no handicapped accessible shower stalls at the Defendant RV Park. Plaintiff's husband wheeled her into a shower stall.

12. Mr. Hart left the shower to insert money into the coin-operated showers on a wall at the end of the shower facility.

13. Plaintiff's husband inserted the necessary amount of quarters to start the shower, and when shower turned on, it began to spray only scalding hot water that severely burned the legs and hips area of Plaintiff who, being bound to her wheelchair, could not move out of the scalding hot shower spray. Plaintiff immediately began to scream as the scalding hot water burned her skin. When Mr. Hart heard Plaintiff's screams, he immediately ran to the shower stall, turned off the hot water and tried to turn up the cold water.

14. However, only hot water came out of the showerhead, so Mr. Hart turned the showerhead off, as Mrs. Hart could not reach or otherwise move the shower head since the shower stall was not handicap accessible.

15. After pulling his wife out of the scalding hot shower and tending to her injuries, Mr. Hart spoke to an employee or agent of Defendants who indicated that the showers had been recently worked on shortly before Plaintiff's scalding hot shower.

16. Plaintiff received 2nd-degree burns on the right hip area as a result of the scalding hot shower caused by the negligent acts, omissions or inactions of Defendants.

**V.**
**<u>COUNT I</u>**
**(Negligent Causation of Personal Injury)**
**(Plaintiff v. All Defendants)**

17. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint as if fully set forth herein.

18. At all times herein mentioned, Defendants purposefully, invited both Plaintiff and other members of the public to enter onto its property for business or pecuniary purposes.

19. At all times herein mentioned, Defendants RV Park and/or Kennedy negligently owned, operated, maintained and/or controlled said premises in a dangerous, defective and unsafe condition, and negligently maintained said premises and, failed to repair water controls and/or failed to adequately install a cold-water control and a handicap accessible shower on said premises.

20. Defendants RV Park and/or Kennedy had a duty to exercise all due care and caution for the safety of Plaintiff Hart and its other business invitees.

21. Defendants RV Park and/or Kennedy failed to provide a duty of care and acted negligently and carelessly by allowing said premises to be unsafe to Plaintiff Hart and other business invitees.

22. Defendants RV Park and/or Kennedy knew or should have known that failure to provide nondiscriminatory, safe access to showers, and comply with federal and state disability rights statutes created an unreasonable risk to injury to persons with disabilities.

23. That as a direct and proximate result of the negligence and violations alleged above, Defendants RV Park and/or Kennedy caused Plaintiff to suffer injuries and damages.

24. That as a result of Defendants RV Park and/or Kennedy negligence and violations, Plaintiff sustained severe injuries to her side, leg, and thigh, which have caused pain, suffering, and inconvenience which will continue; and has incurred expenses for medical care which will continue.

25. As a result of these injuries, Plaintiff is entitled to damages in an amount to be ascertained according to proof at trial.

## VI.
## <u>COUNT II</u>
## (Negligent Infliction of Emotional Distress)
## (Plaintiff v. All Defendants)

26. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint as if fully set forth herein.

27. Defendants RV Park and/or Kennedy, and each of, and each of them, knew or should have known, with the exercise of reasonable care, that the acts, conduct and omissions described above would cause harm to Plaintiff, and that such acts, conduct and omissions would cause Plaintiff to suffer both emotional and physical distress.

28. Defendants RV Park and/or Kennedy, and each of them, knew or should have known, with the exercise of reasonable care, that the acts, conduct and omissions described above were in violation of Plaintiff's rights under federal and state disability rights statutes, and that such acts, conduct and omissions would cause Plaintiff to suffer emotional and physical distress.

29. The negligent failure of Defendants RV Park and/or Kennedy, and each of them, to fulfill their obligations under applicable laws has caused Plaintiff to suffer physical injuries, and to suffer and continue to suffer, humiliation, anxiety, mental anguish, emotional distress, loss of self-esteem, and general damage to personal and social relations.

30. As a result of these injuries, Plaintiff is entitled to damages in an amount to be ascertained according to proof at trial.

**VII.**
**<u>COUNT III</u>**
**(Disability Discrimination in Violation of AzDA)**
**(Plaintiff v. All Defendants)**

31. Plaintiff incorporate by this reference each and every allegation previously made in this Complaint as if fully set forth herein.

32. Defendants own and/or operate, and at all relevant times have owned and/or operated, the RV Park and Campground, a place of public accommodation in Arizona within the meaning of A.R.S. § 41-1492(11)(a).

33. AzDA prohibits discrimination against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns or operates a place of public accommodation. A.R.S. § 41-1492.02(A).

34. Discrimination includes subjecting an individual, based on disability, to a denial of the opportunity to participate in or benefit from, the goods, services, facilities, advantages, privileges or accommodations of an entity; or loss of the opportunity to participate in or benefit from goods, services, facilities, privileges, advantages or accommodations that are not equal to those afforded other individuals. A.R.S. § 41-1492.02(B)(2).

35. Discrimination also includes the failure of a covered place of public accommodation to take necessary steps to ensure that no individual with a disability is excluded, denied goods, segregated or otherwise treated differently than other individuals because of the absence of handicapped accessible services, unless the entity can demonstrate that taking these steps would fundamentally alter the nature of the goods, services, facilities, privileges,

advantages or accommodations being offered or would result in an undue burden, in violation of A.R.S. § 41-1492.02(G)(3).

36. Handicapped accessible services includes acquiring equipment or devices to provide an effective alternative method of making accessible materials available to people with physical impairments under A.R.S. § 41-1492(3)(c).

37. Defendants conduct previously alleged violated the Public Accommodations Law (hereinafter "PAL").

38. PAL guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public within the jurisdiction of the State of Arizona.

39. Defendants discriminated against Plaintiff, who is wheelchair bound, by not providing access to handicapped showers and, therefore, denying Plaintiff the full and equal enjoyment of its services, in violation of § 41-1492.02(A).

40. As a result of Defendants' discrimination, Plaintiff, has suffered denial of civil rights, inconvenience, loss of enjoyment and other non-pecuniary monetary damages.

**VIII.**
**<u>COUNT IV</u>**
**(Violation Title III of the Americans with Disabilities Act of 1990)**
**(Plaintiff Hart v. Defendant RV Park)**

41. Plaintiff incorporate by this reference each and every allegation previously made in this Complaint as if fully set forth herein.

42. Defendant RV Park is a private entity providing specified campground service primarily engaged in the business of lodging people and whose operations affect commerce. Consequently, Defendant RV PARK, is subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq*., and particularly Section 302 thereof, 42 U.S.C. § 12182.

///

///

///

43. Title III of the ADA prohibits, *inter alia*, private entities primarily engaged in the business of lodging people and whose operations affect commerce from discriminating against individuals with disabilities on the basis of disability in the full and equal enjoyment of specified public lodging services.

44. The conduct previously alleged violated Title III of the ADA and the federal regulations promulgated pursuant to Title III.

45. Defendants violated Title III of the ADA by, *inter alia*, failing to operate its services on a nondiscriminatory basis; failing to ensure that individuals with mobility disabilities who use common wheelchairs have nondiscriminatory, safe access to showers and lodging services; and failing to provide such services to persons with disabilities.

46. Pursuant to 42 U.S.C. § 12188, and the remedies, procedures, and rights set forth and/or incorporated therein, Plaintiff prays for judgment as set forth below.

## IX.
## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all her claims, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rule 38 (a,b).

## X.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, reserves the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays judgment against the Defendants, and each of them, as follows:

1. An order enjoining Defendants' and each of them from violating the Americans with Disabilities Act of 1990, 42 U.S.C. 42 U.S.C. §§ 12101 *et seq*., and Arizonans with Disabilities Act, A.R.S. § 41-1492, *et seq*;

2. An order awarding Plaintiff actual and compensatory damages for violations of civil rights and for restitution pursuant A.R.S. § 41-1492.08 (H) in an amount according to proof a time of trial;

/ / /

3. An order awarding Plaintiff actual, punitive and compensatory damages in compensation for negligent causation of personal injury and negligent infliction of emotional distress;

4. An order awarding Plaintiffs reasonable attorney's fees and costs;

5. An order awarding Plaintiff prejudgment interest according to proof; and

6. For such other and further relief as the Court deems just and proper.

DATED this 13th day of April 2019.

THE BOURASSA LAW GROUP, LLC

By: /s/ *Melina D. Favors*

MARK J. BOURASSA, ESQ.
Arizona Bar No. 023111
MELINA D. FAVOR, ESQ.
Arizona Bar No. 024344
16165 N. 83rd Avenue Suite 200
Peoria, Arizona 85382
*Attorneys for Plaintiff Sandra Hart*