WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Hart, | No. CV-19-08111-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Kathie Sprague Kennedy, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendants Kathie Sprague Kennedy and Interstate 40 Grand Canyon RV Park ("Kennedy") (Doc. 15). For the following reasons the motion is granted in part and denied in part.

## BACKGROUND

In July 2017, Plaintiff Sandra Hart was on a cross-country road trip with her husband. Hart suffers from multiple sclerosis and is confined to a wheelchair. The couple stopped for the night in Ashfork, Arizona, and stayed at the Interstate 40 Grand Canyon RV Park owned by Kathie Kennedy. During their stay, Hart, with her husband, attempted to use the women's showering facilities. Since the shower stall had no seat, Mr. Hart positioned Hart on a borrowed chair and went to insert money into the coin-operated machine that controlled the showers. The shower turned on, and immediately began to spray scalding water on Hart. She was unable to turn off the showerhead herself because the water control knobs were too high for Hart to reach, and she was unable to move herself out of the scalding water because the shower stall had no accessibility equipment.

Hart called for help from her husband, who tried to turn up the shower's cold water. Hot water continued to pour from the showerhead. Eventually Mr. Hart got the shower turned off. As a result of the incident, Hart suffered second-degree burns. She then brought this action, alleging violations of the Americans with Disabilities Act ("ADA") and the Arizonans with Disabilities Act ("AZDA"). Hart also brought state law claims of negligence and negligent infliction of emotional distress. She seeks injunctive relief under the ADA and AZDA, and money damages for the state law claims. (Doc. 1 at 8–9.) Kennedy moves to dismiss Hart's complaint, arguing that Hart lacks standing. But Kennedy's motion only contains arguments regarding Hart's ADA claim for injunctive relief, so the Court considers only that claim.

# DISCUSSION

## I. Legal Standards

Motions to dismiss for lack of Article III standing are properly brought under Federal Rule of Civil Procedure 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1066 (9th Cir. 2011). "Each element of standing 'must be supported with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 1068 (alterations omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

## II. Discussion

### A. Standards

Article III standing is a constitutional limitation on a court's subject matter jurisdiction and cannot be granted by statute. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Lujan*, 504 U.S. at 576–77). Because standing is a jurisdictional question, it is properly addressed in a Rule 12(b)(1) motion instead of a Rule 12(b)(6) motion. *Cetacean Cmty.*, 386 F.3d at 1174. "[T]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Maya*, 658 F.3d at 1068

(quoting *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008)). But "[t]his is not to say that [a] plaintiff may rely on a bare legal conclusion to assert injury-in-fact, or engage in an ingenious academic exercise in the conceivable to explain how defendants' actions caused [her] injury." *Id.*

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan*, 504 U.S. at 560–61). To bring a claim for injunctive relief—the only relief available to a private plaintiff under the ADA—a plaintiff must additionally demonstrate "real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). Courts are to "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Id.* (internal quotation marks omitted) (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008)).

### B. Analysis

Kennedy does not challenge either causation or redressability for Hart's ADA claim.[1] The Court therefore addresses only injury-in-fact, specifically whether Hart has "demonstrated a likelihood of future injury sufficient to support injunctive relief." *Id.*

---

[1] In her reply, Kennedy does assert the lack of a causal connection between the alleged ADA violations and Hart's alleged physical injury. This argument misunderstands the nature of injury under the ADA. Hart's alleged ADA injury is not that she was burned, but that she was discriminated against on the basis of her disability when she encountered an architectural barrier that affected her "full and equal enjoyment of the facility on account of [her] particular disability." *Chapman*, 631 F.3d at 947; (Doc. 1 at 8 ¶ 45). The burns she suffered may form the basis of her other claims, but not her claim for injunctive relief under the ADA. This argument is therefore properly understood as an attack on Hart's state law claims. But Kennedy raised the argument for the first time in her reply, so the Court does not consider it. *See Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1002 (D. Ariz. 2011) ("It is well established in this circuit that courts will not consider new arguments raised for the first time in a reply brief.") (quoting *Bach v. Forever Living Prods. U.S., Inc.*, 473 F. Supp. 2d 1110, 1122 n.6 (W.D. Wash. 2007)).

Title III of the ADA forbids discrimination based on disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation of any place of public accommodation" with a nexus in interstate commerce. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). Plaintiffs seeking injunctive relief under the ADA can demonstrate injury-in-fact through likelihood of future injury in one of two ways. First, a plaintiff can demonstrate that "[s]he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Chapman*, 631 F.3d at 950. Alternatively, she may demonstrate that "discriminatory architectural barriers deter [her] from returning to a noncompliant accommodation." *Id.*; *see also Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1175 (9th Cir. 2017) ("The standard for injury in fact is whether [the plaintiff] has encountered at least one barrier that interfered with her access to the particular public facility and whether she intends to return or is deterred from returning to that facility."). If a plaintiff is deterred from patronizing an establishment because of noncompliance with the ADA, she "suffers the ongoing 'actual injury' of lack of access to the [facility]." *Chapman*, 631 F.3d at 950. But if a plaintiff "is indifferent to returning to the [facility]," or "if [her] alleged intent to return is not genuine," she lacks standing to bring a claim for injunctive relief under the ADA. *Id.* at 953.

While Hart alleges that she encountered a barrier that "interfered with her access to the" shower facilities at the RV park, she has failed to allege either (1) an intent to return to the RV park at some point in the future or (2) that she is currently deterred from patronizing the establishment. Hart contends that she had originally planned to stay an entire week at the RV park, but after she was injured she "was deterred from continuing her stay at Defendants' RV Park due to the lack of public accommodations." (Doc. 18 at 7.) That argument misunderstands the "deterrence test." The test focuses on the present and future deterrence, not past deterrence. *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) ("We hold that a disabled individual who is *currently deterred* from patronizing a public accommodation due to a defendant's failure to comply

with the ADA has suffered 'actual injury.' Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'") (emphasis added). While Hart contends that she *was* deterred from finishing her stay at Kennedy's RV park, she has not alleged in her complaint that she is *currently* being deterred from returning to the facility. It cannot therefore be said that she is suffering "the ongoing 'actual injury' of access to the" RV park because she is deterred from patronizing it. *See Chapman*, 631 F.3d at 950. The fact that Hart ended her 2017 trip early does not establish deterrence sufficient to confer standing for injunctive relief.

Hart also has not alleged that she intends to return to the RV park at any point and is therefore not "likely to reencounter [the] discriminatory architectural barrier." *Id.* She has therefore failed to demonstrate likelihood of future injury.

## CONCLUSION

Because Hart has failed to demonstrate that she has standing—a burden which she bears, *see D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008)—her claim for injunctive relief under the ADA must be dismissed. As Kennedy has not asserted a sufficient basis to seek dismissal of any of the other claims in Hart's complaint, the Court expresses no opinion on them.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants Kathie Sprague Kennedy and Interstate 40 Grand Canyon RV Park (Doc. 15) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. With respect to Plaintiff Sandra Hart's ADA claim the motion is **GRANTED** and the claim is **DISMISSED WITHOUT PREJUDICE**.

2. With respect to Plaintiff Sandra Hart's other claims the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may amend her Complaint **within thirty (30) days** from the date of this Order, if she chooses to do so.

Dated this 9th day of August, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge